FILED: October 24, 2024

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 24-2044 (L)
(5:24-cv-00547-M-RJ)

_____

REPUBLICAN NATIONAL COMMITTEE; NORTH CAROLINA REPUBLICAN PARTY

    Plaintiffs - Appellees

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS; KAREN BRINSON BELL, in her official capacity as Executive Director of the North Carolina State Board of Elections; ALAN HIRSCH, in his official capacity as Chair of the North Carolina State Board of Elections; JEFF CARMON, in his official capacity as Secretary of the North Carolina State Board of Elections; STACY EGGERS, IV, in their official capacities as Members of the North Carolina State Board of Elections; KEVIN N. LEWIS, in their official capacities as Members of the North Carolina State Board of Elections; SIOBHAN O'DUFFY MILLEN, in their official capacities as Members of the North Carolina State Board of Elections

    Defendants - Appellants

 and

DEMOCRATIC NATIONAL COMMITTEE

    Intervenor/Defendant

_____

No. 24-2045
(5:24-cv-00547-M-RJ)

_____

REPUBLICAN NATIONAL COMMITTEE; NORTH CAROLINA REPUBLICAN PARTY

  Plaintiffs - Appellees

v.

DEMOCRATIC NATIONAL COMMITTEE

  Intervenor/Defendant - Appellant

 and

NORTH CAROLINA STATE BOARD OF ELECTIONS; KAREN BRINSON BELL, in her official capacity as Executive Director of the North Carolina State Board of Elections; ALAN HIRSCH, in his official capacity as Chair of the North Carolina State Board of Elections; JEFF CARMON, in his official capacity as Secretary of the North Carolina State Board of Elections; STACY EGGERS, IV, in their official capacities as Members of the North Carolina State Board of Elections; KEVIN N. LEWIS, in their official capacities as Members of the North Carolina State Board of Elections; SIOBHAN O'DUFFY MILLEN, in their official capacities as Members of the North Carolina State Board of Elections

  Defendants

_____

O R D E R

_____

This case is scheduled for oral argument on October 28, 2024.

The parties are directed to be prepared to discuss at oral argument whether the

Plaintiffs' complaint sufficiently alleges Article III standing in light of the following cases:

> (1) *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 395 (2024) (rejecting a categorical rule allowing standing whenever an "organization diverts its resources in response to a defendant's actions.")
>
> (2) *Ariz. All. for Retired Ams. v. Mayes*, 2024 WL 4246721, at *4 (9th Cir. Sept. 20, 2024) (citing *Hippocratic Med.* for the proposition that "[o]rganizations can no longer spend their way into standing based on vague claims that a policy hampers their mission.")
>
> (3) *RNC v. Benson*, 2024 WL 4539309, at *1, 7-12 (W.D. Mich. Oct. 22, 2024) (dismissing complaint lodged by the RNC and two individual plaintiffs that Michigan Bureau of Election violated the NVRA by not removing ineligible voters from the official voter rolls, on the ground that the RNC—an organizational plaintiff—and the individual plaintiffs lacked standing to bring the suit. *See also RNC v. Aguilar*, 2024 WL 4529358 (D. Nev. Oct. 18, 2024); *Strong Cmtys. Found. of Ariz. Inc. v. Richer*, 2024 WL 4475248 (D. Ariz. Oct. 11, 2024).

For the Court

/s/ Nwamaka Anowi, Clerk